**In re A.H. ROBINS COMPANY, INC., Debtor, Employer's Tax Identification No. 54–0486348.**

**In re CONKLIN, DAVIDS & FRIEDMAN, HUSTER & SCHNEIDER.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

June 17, 1998.

See also 182 B.R. 128, 86 F.3d 364.

Conklin, Davids & Friedman, San Rafael, CA, Huster & Schneider, San Francisco, CA, for Movants.

Orran Lee Brown, Richmond, Counsel to Dalkon Shield Claimants Trust.

### MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on the joint motion of Conklin, Davids & Friedman and Huster & Schneider (collectively "Conk-

lin") for Reinstatement of Attorneys Fees (Docket No. 23022).[1] For the reasons which follow, the Court will DENY the motion.

## I.

On March 1, 1995, this Court entered an Order Disallowing Unreasonable Attorneys Fees On Pro Rata Distribution (the "March 1 Order"). Paragraph 2 of that Order prohibits counsel for Dalkon Shield personal injury claimants from "charging or receiving, directly or indirectly, any compensation or fees, based upon or out of any pro rata distribution received by a Dalkon Shield Personal Injury Claimant from the Trust . . . in excess of ten percent of such pro rata distribution." This Court rejected all challenges to its jurisdiction to enter the March 1 Order. This ruling was unanimously affirmed by the Court of Appeals for the Fourth Circuit in *In re A.H. Robins Co. (Order Limiting Attorneys Fees)*, 182 B.R. 128 (Bkrtcy.E.D.Va. 1995), *aff'd*, 86 F.3d 364 (4th Cir.1996).

The March 1 Order also prescribed a procedure to be followed by any attorneys or firms who objected to the disallowance and wished the Court to consider reinstating fees above the ten percent limit. The procedure included the requirement that such motions to reinstate fees be filed with the Court no later than April 17, 1995. The Order gave notice of the opportunity for argument and an evidentiary hearing before the Court. On April 28, 1995, Michael Friedman appeared before the Court on behalf of Conklin to argue its Motion For Reinstatement Of Attorneys Fees. However, having stayed the proceedings on all of the individual motions to reinstate fees during the pendency of the appeal to the Fourth Circuit (Docket No. 23514), this Court never addressed the merits of Conklin's Motion.

Following the unsuccessful appeal to the Fourth Circuit, this Court entered an Order, dated September 17, 1996, addressing the sixty-two motions to reinstate fees still pending before the Court. (Docket No. 29532).

That Order directed certain movants to file their proposed findings of fact and conclusions of law in support of their motions to reinstate fees by November 1, 1996. Although Conklin did not submit such a document, the Court will nevertheless rule on Conklin's Motion.[2]

## II.

Conklin has represented approximately 1,700 Dalkon Shield claimants since 1974. In addition to the firm's involvement in pre-petition lawsuits, Conklin asserts that it has also expended substantial resources in pursuing various pre-petition matters and has provided advisory services to other claimants and attorneys without being compensated. Conklin therefore probably performed more work per client than an attorney who only represented claimants after the bankruptcy of A.H. Robins Company, Inc., but received the same compensation.

 While the Court recognizes Conklin's protracted involvement in this case, the Court nevertheless finds that it does not constitute the type of "extenuating circumstances" that this Court has held to be required in order for an attorney or firm to be entitled to a fee of more than ten percent. *See In re A.H. Robins Co. (Order Limiting Attorneys Fees)*, 182 B.R. at 138. In reaching this conclusion, the Court is guided by the Fourth Circuit's ruling that the pro rata payment is a "bonus" that is paid over and above the amount of an individual's full settlement of a claim. *See Robins*, 86 F.3d at 369–70, 375. Moreover, this Court has determined that the availability of pro rata payments did not result from the legal efforts of counsel, but from the effective management of the Trust. *See In re A.H. Robins Co. (Order Limiting Attorney Fees)*, 182 B.R. at 136. Accordingly, when considering pro rata fees, this Court's focus is not on an attorney's efforts on the underlying claim or on whether a claim was filed pre- or post-petition, but on

---

1. Both firms are joining in the present motion because Ronald P. Schneider worked on Dalkon Shield cases for Conklin, Davids & Friedman from 1973 until 1980 when he started his own firm, Huster & Schneider, and continued to specialize in Dalkon Shield cases.

2. The Dalkon Shield Claimants Trust takes no position with respect to Conklin's present motion.

the efforts required for the client to receive the pro rata payment.[3] In the instant case, the mere fact that Conklin has, as compared to other Dalkon Shield attorneys, expended more resources in pursuing and obtaining the maximum settlement for its clients, does not entitle it to charge a higher fee for the ministerial task of forwarding its clients their pro rata distributions.

### III.

The Court finds that Conklin has failed to present the type of "extraordinary case" or "extenuating circumstances" that would justify relief from the Court's March 1, 1995 Order. *See id.* at 138, 140 n. 15. In the absence of such a showing, the ten percent fee is "not only reasonable, but overly generous." *Robins,* 86 F.3d at 377. Conklin's motion will therefore be DENIED.

---

**3.** *See In re A.H. Robins Co. (Order Limiting Attorney Fees),* 182 B.R. at 135 ("[T]he reasonableness of fees charged against a claimant's underlying recovery from the Trust and the reasonableness of fees charged against a claimant's pro rata payment [are two distinct issues]. In reviewing the reasonableness of fees, there is a critical distinction between a claimant's underlying recovery on a Dalkon Shield claim and her subsequent receipt of a pro rata payment .").